Donohue, J.
INTRODUCTION
On March 20, 1998, the Petitioner, Jose Feliciano (Feliciano), filed a Petition for Writ of Habeas Corpus. Pursuant to an order of this Court (Toomey, J.), the parties scheduled a date for hearing on the Petition and the Respondents’ Motion to Dismiss. That hearing was held on June 19, 1998. After considering the arguments of the parties and the applicable law, the Petition for Writ of Habeas Corpus is denied, as it is more properly treated as a complaint for declaratory judgment. In addition, the Respondents’ Motion to Dismiss is denied. A declaration is to enter as set forth below.
BACKGROUND
In March 1995, Feliciano was deemed a delinquent and placed in the custody of the Department of Youth Services (DYS). Feliciano’s commitment to DYS was extended twice, after DYS personnel concluded that Feliciano presented a danger to the public. The second extension is scheduled to expire on his twenty-first birthday.
On or about February 21, 1998, Feliciano was transferred from DYS to the Department of Corrections to complete the remainder of the extension. Feliciano filed a Petition for Writ of Habeas Corpus, challenging the constitutionality of that transfer. Feliciano does not contend that the extension was invalid, nor does Feliciano argue that the transfer was *610 not supported by evidence that Feliciano’s presence at the DYS facility threatened the safety of other juveniles within DYS’s custody.
The Respondents filed a Motion to Dismiss the Petition, but suggest that if habeas corpus is an inappropriate vehicle, that a declaration enter declaring the rights of the parties.
DISCUSSION
a. Appropriateness of Petition for Writ of Habeas Corpus
The Petition for a Writ of Habeas Corpus is the improper vehicle. The extension of Feliciano’s time by the Defendant, Commonwealth of Massachusetts Department of Youth Services (DYS) was proper and permissible by statute. See G.L.c. 120, §17. It does not appear that Feliciano contests the extension through the Petition, and, in any event, the validity of the extension is scheduled for review by the Juvenile Court on July 17, 1998. Thus, because Feliciano would not be eligible for immediate release if he were successful on the merits of the allegations set forth in the Petition, the Petition is treated as a complaint for declaratory judgment. See Pina v. Superintendent, Massachusetts Correctional Inst., Walpole, 376 Mass. 659, 664-66 (1978); Hennessey v. Superintendent, Massachusetts Correctional Inst. Framingham, 386 Mass. 848, 850-51 (1982).
b. Constitutional Claims
Feliciano contests the DYS’s decision to transfer him from a DYS faciliiy to a Department of Correction facility. DYS, acting under color of statute, determined that Feliciano was a danger to the juveniles at the DYS facility. See G.L.c. 120, §19. Once that determination was made, DYS opted to transfer Feliciano to a Department of Corrections facility to protect the safety of the other juveniles. See id.
1.Transfer to the Department of Corrections
Feliciano argues that this transfer is impermissible because it transfers him to a “state prison” without the benefit of an indictment. In addition, Feliciano posits that the authorizing statute is unconstitutional, because it violates equal protection and due process, and is too vague to be enforceable.
The Respondents correctly assert that Feliciano was not, and is not at present, in a “state prison.” In Massachusetts, only the Massachusetts Correctional Institute at Cedar Junction is a state prison. See G.L.c. 125, §l(o) (1998). The remaining institutions are “state correctional facilities.” See G.L.c. 125, §l(n). The cases upon which Feliciano relies pertain to juveniles convicted of murder and sentenced to Cedar Junction. In contrast, Feliciano was deemed a delinquent after committing various violent crimes, murder not being one of those crimes. In addition, Feliciano has not been transferred to Cedar Junction, but rather has remained in state correctional facilities. In each of the following cases, Jones v. Robbins, 74 Mass. (8 Gray) 329 (1857), Brown v. Commissioner of Correction, 394 Mass. 89 (1985), and Charles C. v. Commonwealth of Massachusetts, 415 Mass. 58 (1993), all cited by Feliciano, the individual was sentenced to or transferred to state prison without the benefit of indictment. In those cases, the Supreme Judicial Court held that the lack of indictment prevented the individual from being sentenced to state prison. See Jones, 74 Mass. (8 Gray) at 349-50; Brown, 394 Mass. at 89-90; Charles C., 415 Mass. at 65.
2.Equal Protection
Feliciano’s equal protection claim fails also. There is "no constitutional right to ‘good time’ deductions.” Jackson v. Hogan, 388 Mass. 376, 379 (1983), citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974). In addition, Feliciano was not “sentenced” in the customary sense of that word, in that the extension of his time by DYS is not a sentence imposed by a court. Instead, the extension is a commitment determined by DYS officials pursuant to statutory authority. Feliciano’s transfer to the Department of Corrections serves as a safeguard to other juveniles in the custody of DYS, and does not serve to provide Feliciano with an opportunity to reduce the extension. See G.L.c. 120, §19.
3.Due Process
The statute authorizing the transfer of a juvenile from DYS custody to the Department of Corrections is not vague. The applicable language of the statute is clear; “The department shall have the power, in order to protect children and adolescents, to transfer the custody of any persons eighteen years of age or older to the Department of Correction for placement in an appropriate institution. ” Id. Reading the plain language of the statute, if DYS concludes that the protection of the children and adolescents within its custody is in jeopardy, DYS may elect to transfer the juvenile whose presence threatens such protection to the Department of Corrections.
Furthermore, Feliciano is not “incarcerated” by virtue of the transfer, as Feliciano was not free to leave at any time prior to the transfer. In actuality, Feliciano was “incarcerated” in the general sense of that word prior to his transfer to the Department of Corrections. His transfer does not unconstitutionally deprive him of any liberty interests which may exist, and does not constitute punishment.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Plaintiff, Jose Feliciano’s Petition for Writ of Habeas Corpus is DENIED.
It is hereby further ORDERED that the Respondents, Commonwealth of Massachusetts Department of Youth Services and Superintendent, Old Colony Correctional Center’s Motion to Dismiss is DENIED.
It is hereby further ORDERED that a declaration enter, DECLARING that:
1) pursuant to G.L.c. 120, §19, if the Department of Youth Services determines that a juvenile within its custody presents a threat to the safety of the other juveniles within its custody, the Department of Youth *611 Services may transfer that juvenile to the Department of Corrections;
2) the transfer of the Petitioner, Jose Feliciano, from the Department of Youth Services to the Department of Correction, pursuant to G.L.c. 120, §19, does not violate the Petitioner, Jose Feliciano’s rights to equal protection and due process;
3) the statutory language of G.L.c. 120, §19 is not unconstitutionally vague;
4) the Petitioner, Jose Feliciano, has not been transferred to a state prison, and therefore is not entitled to a writ of habeas corpus for lack of an indictment.